IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| AE Khingratsaiphon, #259854,  )  | C/A No.: 1:14-1890-JMC-SVH |
| )  | |
| Petitioner,  )  | |
| )  | |
| vs.  )  | REPORT AND RECOMMENDATION |
| )  | |
| Warden Bush,  )  | |
| )  | |
| Respondent.  )  | |
| )  | |

Petitioner AE Khingratsaiphon, an inmate at Lee Correctional Institution, submits this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.    Factual and Procedural Background

Petitioner indicates that on July 20, 1999, a state judge imposed a sentence of life without parole for his convictions of murder, armed robbery, criminal conspiracy, and possession of a weapon during commission of a violent crime. [Entry #1 at 1]. He asserts that he filed a direct appeal and the South Carolina Court of Appeals affirmed his conviction on January 29, 2001. *Id.* at 2. Petitioner contends that he appealed to the South Carolina Supreme Court, which denied his appeal on November 12, 2002. *Id.* Petitioner alleges that on February 28, 2005, he filed a state petition for a writ of habeas corpus, but

it was denied on December 6, 2005. *Id.* at 3. Petitioner asserts that he filed an application for post-conviction relief ("PCR") on June 15, 2010, that the state court denied on November 18, 2011. *Id.* at 4. Petitioner alleges he filed a second PCR application on March 4, 2013, that is currently pending in state court. *Id.* at 5–6.[1] Petitioner asks the court to vacate his sentence and to order his release from custody. *Id.* at 15.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

---

[1] *See* Aiken County Second Judicial Circuit Public Index, http://publicindex.sccourts.org/Aiken/PublicIndex/ (last visited June 16, 2014). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  The Habeas Petition is Untimely

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

 (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent**

> **judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Petitioner sought review of his conviction with the South Carolina Supreme Court, his conviction became final 90 days after the final ruling of the South Carolina Supreme Court, which is the deadline for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires").

Petitioner indicates that he appealed his conviction to the South Carolina Court of Appeals, which issued an order affirming his conviction on January 29, 2011. [Entry #1 at 2]. Petitioner asserts he appealed to the South Carolina Supreme Court, which denied his appeal on November 12, 2002. *Id.* Petitioner's conviction became final 90 days later, on February 10, 2003, when the time period for seeking review of his conviction with the United States Supreme Court expired. *See Gonzalez*, 132 S.Ct. at 653–54. The AEDPA statute of limitations began on February 11, 2003. Petitioner filed this habeas action on May 12, 2014, almost 10 years after expiration of the statute of limitations. Petitioner's habeas petition is, therefore, untimely. The filing of Petitioner's state writ of habeas corpus on February 28, 2005, over 365 days after the AEDPA statute of limitations expired, did not toll the statute of limitations because the limitations period had already

expired before the writ was filed. Thus, the petition is recommended for summary dismissal.

### 2. Equitable Tolling Does Not Apply

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be

equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.

Petitioner asserts that he is entitled to equitable tolling because "extraordinary circumstances beyond his control or external to his own conduct prevent[ed] him from filing on time." [Entry #9 at 1]. Petitioner contends that there was a riot and hostage taking situation at the institution where he was incarcerated on October 29, 2003, which was one month before his December 20, 2003, filing deadline. *Id.* at 2. Petitioner alleges that after the riot was over, officers questioned him about the incident and then returned his legal papers, which had been drenched in water. *Id.* Petitioner alleges that, a short time later, he was placed in the special management unit ("SMU"). *Id.* Petitioner argues that his wet paperwork was placed in a bag and could not be retrieved, and all his requests to staff and grievances about his paperwork were ignored. *Id.* at 3. Petitioner alleges he was transferred to another institution approximately one year later and placed into general population. *Id.* Petitioner argues that when he was able to retrieve his property, everything was virtually destroyed from water damage and mold, thereby accounting for the one-year time lapse between the December 3, 2003, filing deadline and the filing of his state habeas action on February 25, 2005. *Id.*

The undersigned finds that Petitioner cannot meet the *Holland* test to establish that he is entitled to equitable tolling of the AEDPA statute of limitations, as Petitioner is unable to show that he has been pursuing his rights diligently. *Holland*, 560 U.S. at 649.

Although Petitioner contends he was placed in SMU in October 2003, and denied access to his legal paperwork in November 2003 due to the riots [Entry #9-2 at 7], Petitioner does not elaborate on the length of time he was denied access. Petitioner also fails to address what efforts he took to obtain new collateral review paperwork so that he could meet his December 20, 2003, deadline. Petitioner contends that he was released into general population in approximately October 2004, but fails to explain why he waited until February 25, 2005, to file a writ of habeas corpus. Petitioner also does not explain why he waited almost five years after the denial of his writ of habeas corpus on December 6, 2005, to file his first PCR application on June 15, 2010. Because Petitioner did not diligently pursue collateral review of his conviction, the undersigned finds that equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and is barred by 28 U.S.C. § 2244(d)(1).

### 3.     No New Evidence To Show Actual Innocence

Petitioner contends that the one-year statute of limitations should not apply to this case because he is actually innocent. [Entry #9 at 6]. He alleges the evidence used against him during his trial was obtained illegally in violation of his constitutional rights. *Id.* If a § 2254 petitioner makes a "credible showing of actual innocence," he may pursue his habeas claims even if the statute of limitations has expired. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931–35 (2013). This exception to the time bar applies only if a petitioner demonstrates that in light of new and reliable evidence not presented at trial "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 1935. Petitioner

7

has not offered any new evidence to support an actual innocence claim. As such, his claim is facially inadequate to require consideration. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence").

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

June 17, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).