IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| AE Khingratsaiphon, #259854, ) | |
| ) | Civil Action No. 1:14-cv-01890-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **Order** |
| ) | |
| Warden Bush, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

  AE Khingratsaiphon ("Petitioner"), an inmate at Lee Correctional Institution, submits this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges, for pre-trial handling. On June 17, 2014, the Magistrate Judge issued a Report and Recommendation, (ECF No. 12), recommending that the Petition in this case, (ECF No. 1), be dismissed without prejudice.

  The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P.

1

72(b). If the petitioner fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation on June, 27 2014. (ECF No. 14.) However, the Petition is moot because Petitioner unfortunately passed away on June 22, 2016. (ECF No. 16.) A person bringing a claim under 28 U.S.C § 2254 must be in custody to be entitled to relief.[1] Consequently, because Petitioner has died, and is no longer in custody, he is no longer entitled to relief under 28 U.S.C. § 2254.

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 12), with the modification that this Petition (ECF No. 1) be **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

United States District Judge

October 28, 2016
Columbia, South Carolina

---

[1] "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus *in behalf of a person in custody* pursuant to the judgment of a State court *only on the ground that he is in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a) (emphasis added).